UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GEORGE H. PETERS,

        Plaintiff,

vs.

DAVID BRENNAN, CEO ASTRAZENECA LP
ALLAN G. LAFLEY, CEO PROCTER &
GAMBLE DISTRIBUTING CO.,

        Defendants.

Case No. 05-C-0787

---

**BRIEF IN SUPPORT OF DEFENDANT, ALAN G. LAFLEY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
FED.R.CIV.P. 12(B)(2), 12(B)(3) AND 12(B)(5)**

---

### I.    INTRODUCTION

Plaintiff, George H. Peters ("Peters") brought this action in the United States District Court for the Eastern District of Wisconsin against defendants, David Brennan and Alan G. Lafley. Both Messrs. Brennan and Lafley are sued in an individual capacity, as the purported Chief Executive Officers of Astrazeneca LP ("AZLP") and The Procter & Gamble Distributing Company ("P&G"), respectively. This fact notwithstanding, the Complaint attempts to state claims for products liability against them, based upon injuries Peters allegedly sustained as a result of his use of Prilosec®, an over the counter heartburn medication that was allegedly developed, marketed, manufactured and sold by AZLP and P&G.

Setting aside the obvious fact that neither Mr. Brennan nor Mr. Lafley is a corporation, nor are they alleged to have engaged in any wrongful conduct in an individual capacity, Peters' Complaint must be dismissed as to Mr. Lafley for at least three reasons. *First*, this Court does not have personal jurisdiction over Mr. Lafley because he was not properly served either under

the Federal Rules of Civil Procedure or Wisconsin law. *Second*, Mr. Lafley is not subject to jurisdiction in Wisconsin even if he had been properly served, because he does not have the requisite minimum contacts with the forum. Indeed, Mr. Lafley is not a citizen of Wisconsin, he does not conduct personal business here, and he has visited the Badger State only one time in his adult life. *Third*, and finally, Peters' Complaint should be dismissed because venue is improper in the Eastern District of Wisconsin. Even assuming, *arguendo*, that every allegation in the Complaint is true, no party is a resident of this District, no injury is alleged to have occurred here, and none of the events or omissions that purportedly give rise to liability took place here.

For all these reasons, the Court should dismiss Peters' Complaint, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(5).

## II. ALLEGATIONS OF THE COMPLAINT RELEVANT TO THIS MOTION

Peters filed the Complaint on July 22, 2005 in the Eastern District of Wisconsin in Milwaukee. On July 28, 2005, Peters himself executed a Certificate of Service on a summons addressed to "Allan G. Lafley, CEO Proctor & Gamble Distributing Co., 1 Procter & Gamble Plaza Cincinnati, OH 45202." *See* Declaration of Jacob E. Miota, dated August 24, 2005 ("Miota Dec"), Exhibit A. The Return of Service indicated that Mr. Lafley was served "Via Certified Mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and pursuant to the relevant 801 Chapter Rules of Wisconsin Statutes." *Id.* The address listed for Peters on the Certificate of Service is a Post Office Box number in New Lisbon, Wisconsin. *Id.*

In the introduction to the Complaint, Peters "complained of," *inter alia*, "Allan G. Lafley of Procter & Gamble Distributing Company, by and through [his] respective Corporation." *See* Miota Dec. Exhibit B, the Complaint, p. 1. Similarly, under the heading "Diversity Jurisdiction" Peters states that:

Defendant Alan G. Lafley, CEO, by and through Procter & Gamble Distributing

Company is a Ohio Corporation with its principal place of business in Cincinnati, Ohio and is a citizen of some state of the United States other than the State of Wisconsin.

*Id.* ¶ 4. Based upon these allegations, Peters is unquestionably suing Mr. Lafley as an individual, asserting that by supposedly taking action through the company of which he is an officer, he faces personal liability for the wrongs alleged in the Complaint.

Peters also alleges that with respect to his own residence, he:

… is not a citizen of the State of Delaware or the State of Ohio. No defendant is a resident of or has its [sic] principal place of business in the State where plaintiff is a resident.

*Id.* ¶ 2. Neither this paragraph nor any other allegation in the Complaint reveals plaintiff's actual state of residence, although the Summons indicates he has a Post Office Box in New Lisbon, Wisconsin. Some clues are found in the paragraphs wherein Plaintiff claims injuries to his "special senses" after taking Prilosec® for his acid reflux disease. *Id.* ¶ 17. Although plaintiff does not allege where he purchased the drug or where he was injured, he does specifically allege that Prilosec® was sold in Columbia County Wisconsin. *Id.* ¶ 9.

### III.　ARGUMENT

Plaintiffs' Complaint should be dismissed as to Mr. Lafley because this Court does not have jurisdiction over him. As an initial matter, although service upon Mr. Lafley was attempted, the attempt was fatally defective as Wisconsin only allows for service of process by mail in certain exceptional circumstances. None of those circumstances are present here. Moreover, even if service upon Mr. Lafley were properly made, this Court cannot exercise jurisdiction over him because he does not have sufficient minimum contacts with Wisconsin. Finally, plaintiffs' Complaint should be dismissed because it appears to have been filed in the wrong Court. To the extent there is a connection between the conduct alleged and the State of Wisconsin, that connection relates to Columbia County and New Lisbon. Both are located in the

Western District of Wisconsin, not the Eastern District where this case has been filed.

### A. This Court Does Not Have Personal Jurisdiction Over Mr. Lafley.

When federal jurisdiction is premised on diversity of citizenship, as it is in this case, a district court "has personal jurisdiction over a nonresident defendant only if a court of the State in which it sits would have jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, SA*, 338 F.3d 773, 779 (7th Cir. 2003). In Wisconsin, the exercise of personal jurisdiction over a nonresident must "be proper under both Wisconsin's long arm statute and the Due-Process Clause of the Constitution." *Federated Rural Electric Corp. V. Inland Power & Light Co.*, 18 F.3d 389, 392 (7th Cir. 1994). The burden is on plaintiff "to establish that a non-resident is subject to suit in this State under the provisions of a Wisconsin long-arm statute." *State ex. Rel. N.R.Z. v. G.L.C.*, 152 Wis.2d 97, 104, 447 N.W.2d 533, 535 (1989). Here, Peters cannot show that Mr. Lafley is subject to this suit under Wisconsin's long arm statute and, in any event, jurisdiction would be improper under the Due Process Clause of the Constitution.

        1. This Court does not have Personal Jurisdiction over Mr. Lafley because he was not Properly Served with Process.

Wisconsin's long-arm statute, Wis. Stat. § 801.05, provides, in relevant part, that "[a] court of this state ... has jurisdiction over *a person served in an action pursuant to § 801.11* under any of the following circumstances." (emphasis added). Wisconsin's long arm statute thus explicitly premises personal jurisdiction on proper service of process pursuant to section 801.11.

Federal Rule 4(e) governs service within a judicial district of the United States. It provides that proper service may be effectuated:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual

place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

In the instant case, Peters indicates on the Certificate of Service form that he filed, that Mr. Lafley was served "Via Certified Mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and pursuant to the relevant 801 Chapter Rules of Wisconsin Statutes." *See* Miota Dec. Exhibit A. Because there is no allegation that Mr. Lafley was personally served or that a copy of the summons and complaint were left at his home or with an appropriate agent, it is necessary to look to the Wisconsin statutes concerning service to see if such service is proper.

*First*, Wis. Stat. § 801.10 delineates who may initiate service of process. Wis. Stat. § 801.10(1) provides that:

> [a]n authenticated copy of the summons may be served by any adult resident of the state where service is made who is not a party to the action. Service shall be made with reasonable diligence.

Service upon Mr. Lafley did not comply with Wis. Stat. § 810.10(1) because the Return of Service indicates service was allegedly mailed to Mr. Lafley in Ohio by Peters himself. Peters appears to be a resident of Wisconsin, while the statute clearly requires the process server to be a resident of the state where service is made, *i.e.*, Ohio. Moreover, Peters signed the Return of Service himself. Mr. Peters is a party to the action and is therefore an ineligible process server.

*Second*, Wis. Stat. § 801.11(c) enumerates the limited circumstance where service by mail is appropriate, namely, "[i]f with reasonable diligence the defendant cannot be served under para (a) [personal service] or (b) [summons left at place of abode], service may be made by publication of the summons ... and by mailing." Reasonable diligence requires plaintiff to "exhaust with due diligence any leads or information reasonably calculated to make personal service possible." *West v. West*, 82 Wis. 2d 158, 166, 262 N.W.2d 87, 90 (1978). Such diligence is not exercised, for example, if plaintiff has made a single, unsuccessful attempt at service. *See*

*Haselow v. Gauthier*, 212 Wis.2d 580, 589, 569 N.W.2d 97, 101 (Ct. App. 1997). On the other hand, 19 unsuccessful attempts at personal service by Sheriff's deputies have been held sufficient to allow substituted service. *See Welty v. Heggy*, 124 Wis.2d 318, 325, 369, N.W.2d 763, 761 (Ct. App. 1985).

There is no evidence in this record to demonstrate that reasonable diligence was exercised in this case. The Return of Service filed by plaintiff indicates that he served Mr. Lafley by certified mail at the Ohio offices of P&G. It does not indicate whether any efforts to serve Mr. Lafley personally or at his place of abode were attempted. Given that just six days passed between the time Peters filed his Complaint and the date he signed the Return of Service, he could not have attempted proper service in a reasonably diligent fashion.

The Seventh Circuit has held that "valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719-20 (7th Cir. 1996). Such service requires "more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint." *Id.* Similarly, the Wisconsin Supreme Court has held that "when a statute prescribes how service is to be made, compliance with the statute is required for personal jurisdiction even where defendant has actual notice of the summons and complaint." *Horrigan v. State Farm Ins. Co.*, 106 Wis.2d 675, 681, 317 N.W.2d 474, 477 (1982).

Peters has not complied with Wis. Stat. §§ 805.10 or 805.11. Thus, the Court should dismiss Peters' Complaint against Mr. Lafley with prejudice pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5).

        2.    <u>Even if, *Arguendo*, he was Properly Served, Mr. Lafley does not have Sufficient Contacts with Wisconsin for this Court to Exercise Personal Jurisdiction.</u>

The Due Process Clause of the United States Constitution requires that the defendant

have minimum contacts with the forum state so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Co. V. Washington*, 326 U.S. 310, 316 (1945). The contacts must be such that defendant "should reasonably anticipate being hauled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

Even if he was, or could be, properly served, Mr. Lafley does not have sufficient minimum contacts with Wisconsin and the exercise of this court's jurisdiction would offend traditional notions of fair play and substantial justice. The Complaint makes no allegations with respect to Mr. Lafley's contacts with Wisconsin. Indeed, it specifically says that he is not a citizen of this state. *See* Complaint, ¶ 4. As set forth in the accompanying declaration of Mr. Lafley, dated August 24, 2005 ("Lafley Dec"), Mr. Lafley is not a citizen or resident of Wisconsin, he does not own any property in Wisconsin, he does not transact any personal business in Wisconsin, he does not pay income taxes in Wisconsin, he does not maintain a Wisconsin telephone number, and he does not engage in any other activities in Wisconsin. Lafley Dec. ¶¶ 3-9. Indeed, Mr. Lafley, to the best of his memory, has only set foot in Wisconsin on at most one occasion. *Id.* ¶ 10.

Neither does the Complaint state a derivative cause of action against Lafley in his role as the Chief Executive Officer of P&G. There is no suggestion that Mr. Lafley is the alter ego of P&G, or so dominates P&G that this Court should pierce the corporate veil of P&G and hold Mr. Lafley personally responsible for the torts of his employer. *See Consumer's Co-op. of Walworth County v. Olsen*, 142 Wis.2d 465, 419 N.W.2d 211 (1988). Finally, the Complaint does not allege conduct by Mr. Lafley that is beyond the scope of his employment such that he could be held personally liable for the allegedly defective Prilosec®. *See Oxmans' Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 273 N.W.2d 285 (1979).

For all of these reasons, the Court should dismiss Peters' Complaint against Mr. Lafley with prejudice pursuant to Fed.R.Civ.P. 12(b)(2).

**B.      Venue In The Eastern District Of Wisconsin Is Improper.**

Venue is controlled in federal courts by 28 U.S.C. § 1391. Section 1391(a) determines venue in diversity cases:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the act may otherwise be brought.

Here, the Complaint is silent as to the residency of the defendants. Mr. Lafley lives and works in Cincinnati, Ohio. Lafley Dec. ¶ 2. Mr. Brennan's residence is unclear, but the Complaint alleges that he (and, apparently, his company AZLP) is not a citizen of Wisconsin, and does not allege that he is a resident of Ohio. Thus, subsection (a)(1) of 28 U.S.C. § 1391 is inapplicable. The Complaint is similarly silent as to where the alleged acts or omissions of defendants allegedly occurred. However, the Complaint specifically mentions that Prilosec® was sold in Columbia County, Wisconsin. *See* Complaint ¶ 9. It is reasonable to assume that Peters purchased the drug in question in Columbia County. Additionally, the Return of Service suggests that Peters lives in New Lisbon, Wisconsin, where he has a Post Office Box. *See* Miota Dec. Exhibit A. It would thus be reasonable to assume that New Lisbon is where Mr. Peters allegedly ingested the Prilosec® and where his "special senses" were allegedly damaged.

New Lisbon is located in Juneau County, Wisconsin. Both it and Columbia County fall within the federal jurisdiction of the United States District Court for the Western District of Wisconsin. *See* Miota Dec. Exhibit C. Based upon the allegations of the Complaint, the events

or omissions giving rise to this litigation occurred in the Western District of Wisconsin. *See* 28 U.S.C. § 1391(a)(2). 28 U.S.C. § 1391(a)(3) does not apply because the case could have, and should have, been brought in the Western District.

This action should therefore be dismissed for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

### IV. CONCLUSION

For all of the foregoing reasons, plaintiff's Complaint against Mr. Lafley should be dismissed, with prejudice and with costs. Mr. Lafley also requests that the Court award him any further relief that it deems to be just and appropriate under the circumstances.

Dated this 24th day of August, 2005.

MICHAEL BEST & FRIEDRICH LLP

By: s/ Jacob E. Miota
Paul E. Benson, SBN 1001457
(pebenson@michaelbest.com)
Jacob E. Miota, SBN 1055381
(jemiota@michaelbest.com)
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
Ph: (414) 271-6560
Fax: (414) 277-0656

Attorneys for Defendant, Alan G. Lafley

T:\clienta\016939\0001\A1281572.1