# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

GEORGE H. PETERS,
    Plaintiff

v.

DAVID BRENNAN, CEO
ASTRAZENECA LP
ALLAN G. LAFLEY, CEO
PROCTER & GAMBLE
DISTRIBUTING COMPANY
    Defendants.

Case No. 05-C-0787

## AFFIDAVIT AND MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, I, George H. Peters, declare as follows:

1. I am the Plaintiff in the above entitled matter and declare under the penalty of perjury that the following statements are true and accurate to the best of my knowledge:

2. The Statute of Limitation has not expired in this civil matter and the Plaintiff is still within the 120 day time limit for service of summons and complaint.

3. The added parties are indispensable to this complaint, and hence joinder of the defendants would be in the interest of justice and judicial economy.

4. The Cover Captioned page and Paragraphs 2, 3, and 4 were Amended to distinguish the defendants from each other and to state their domicile.

5. Paragraph 10 was Amended to detail the location where

the plaintiff used the drug Prilosec.

6. Paragraph. 33 was Amended for clarification and to show the culpability of the defendants.

7. All the civil violations cited in the complaint were committed by the Amended defendants, Astrazeneca LP and Procter & Gamble Company.

The Plaintiff has an arguable claim and should be permitted to Amend the Complaint before the Motion to Dismiss which is pending in this Court is ruled upon. Neitzke v. Williams, 490 U.S. 319, 329, 109 S. Ct. 1827 (1989).

After receiving notices of deficiencies in the filed complaint, this pro se litigant should have an opportunity to Amend. Many of the Lower Federal Courts have taken this position. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Platsky v. C.I.A., 953 F.2d 26, 28 (2nd Cir. 1991).

**WHEREFORE**, based upon the foregoing information, the plaintiff in this cause respectfully urges theis Honorable Court to grant the Motion for an Order to Amend the Complaint.

Dated this 1st day of September, 2005.

George H. Peters, pro se

2