UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE H. PETERS,

        Plaintiff,

vs.

DAVID BRENNAN, CEO ASTRAZENECA LP
ALLAN G. LAFLEY, CEO PROCTER &
GAMBLE DISTRIBUTING CO.,

        Defendants.

Case No. 05-C-0787

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

### I.    INTRODUCTION AND PROCEDURAL BACKGROUND

The procedural posture of this case has been unnecessarily complicated by Plaintiff, George H. Peters ("Peters"). Mr. Peters originally filed this action in the Eastern District of Wisconsin against two (2) Defendants, David Brennan and Allan G. Lafley, on July 22, 2005. On July 28, 2005, Mr. Peters executed a Certificate of Service on a summons addressed to both Messrs. Brennan and Lafley, indicating that he had mailed a copy of the Complaint to both Defendants. Mr. Lafley filed a motion to dismiss the Complaint on August 24, 2005 for improper service, improper venue and lack of personal jurisdiction. Mr. Brennan joined this motion on August 26, 2005, because he had the same arguments for dismissal.

Mr. Peters responded to Defendants' motions to dismiss in two separate ways. *First,* on September 1, 2005, he brought a motion to amend the Complaint to join Procter & Gamble Distributing Co. ("P&G") and Astrazeneca, LP ("AZLP") as Defendants, and to add certain allegations concerning the purported locus of his injury. Mr. Peters attempted to set a hearing

date for that motion on September 9, 2005, despite the fact that Defendants were only notified of the motion on September 7,[1] and apparently without consulting the Court. *Second*, on September 12, 2005, Defendants received Mr. Peters' "Memorandum in Opposition to Defendants' Motion for Dismissal of the Complaint." This brief argues that service of process upon Defendants by mail, without permission from the Court and without first attempting personal service, "was not prejudicial" and that Defendants "are being sued in their official capacity," so jurisdiction over them is proper despite their lack of any contacts whatsoever with the state of Wisconsin.

Nothing in Mr. Peters' opposition brief or his proposed Amended Complaint justifies or remedies the problems that were identified in Defendants' motions to dismiss. The service of process on Messrs. Lafley and Brennan is still improper and Mr. Peters has not yet served, properly or otherwise, P&G or AZLP. Furthermore, nothing in the opposition brief or proposed Amended Complaint gives this Court jurisdiction over Messrs. Lafley and Brennan. Finally, nothing in the opposition brief or proposed Amended Complaint changes the fact that this case has nothing to do with the Eastern District and, therefore, venue is improper.

For all of these reasons, Mr. Peters' original Complaint should be dismissed for improper service, lack of personal jurisdiction and improper venue. His motion to amend should be denied as futile.

## II. ARGUMENT

### A. The Complaint Should Be Dismissed For Improper Service.

The Certificate of Service form on file indicates that Messrs. Brennan and Lafley were served "Via Certified Mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and pursuant to

---

[1] Counsel for Defendants was never served with this motion or any other documents by Mr. Peters. Instead, Mr. Peters, who is incarcerated, apparently files papers with the Court by mail and Defendants are thereafter notified when the documents are added to the ECF system by the Clerk.

the relevant 801 Chapter Rules of Wisconsin Statutes" by Mr. Peters. *See* Declaration of Jacob E. Miota, dated August 24, 2005 ("Miota Dec.") Exhibit A. As Defendants argued previously, such service is improper because Mr. Peters is not a non-party resident of the state where service was made. Both the Complaint and Amended Complaint allege that Mr. Peters is the plaintiff (a party) and a resident of Wisconsin. He cannot, therefore, properly serve Mr. Brennan (a resident of Pennsylvania) or Mr. Lafley (a resident of Ohio). *See* Wis. Stat. § 801.10(1) ("An authenticated copy of the summons may be served by any adult resident of the state where service is made who is not a party to the action.").

Additionally, such service is improper because service by mail is not allowed unless and until personal service has been unsuccessfully attempted with reasonable diligence. *See* Wis. Stat. § 801.11(c) ("If with reasonable diligence the defendant cannot be served under para (a) [personal service] or (b) [summons left at place of abode], service may be made by publication of the summons … and by mailing."); *Haselow v. Gauthier*, 212 Wis.2d 580, 589, 569 N.W.2d 97, 101 (Ct. App. 1997) (single attempt at personal service is not reasonable diligence). Mr. Peters has the burden of demonstrating that his service of the Summons and Complaint was not defective – *i.e.*, that he attempted to obtain personal service but was unsuccessful after exercising reasonable diligence. *Schaefer v. Riegelman,* 250 Wis.2d 495, 504 (2002). Nothing in the record before the Court meets this standard.

Mr. Peters attempts to justify his actions by arguing that his "signing the Summons was technical without error and without prejudice," and that "[t]here was no prejudice to the defendants in receiving Summons by Mail." *See* Plaintiff's Op. Br. at 2-3 (citing *Dungan v. County of Pierce*, 170 Wis.2d 89 (Ct. App. 1992). It is true that errors in the service of process can be excused if a plaintiff can show that they are technical, as opposed to fundamental, and if

the defendant was not prejudiced. *Bendimez v. Neidermire*, 222 Wis.2d 356, 359-60 (Ct. App. 1998). However, Mr. Peters' errors are fundamental, and cannot be excused simply because these Defendants showed up to defend themselves.

To begin, by serving his own Complaint Mr. Peters committed a fundamental violation of Wis. Stat. § 801.10(1). The holding in *Bendimez* is on all fours:

> Following *Dietrich* [*v. Elliot*, 190 Wis.2d 816 (Ct. App. 1995)], we conclude that because the appellants were served by a nonresident, [Plaintiff] did not strictly comply with the procedural requirements of § 801.10, stats. *This constitutes a fundamental defect compelling dismissal of the action due to lack of personal jurisdiction.*

*Id.* at 361 (emphasis added). Similarly, the requirement in Wis. Stat. § 801.11 that a plaintiff attempt personal service with reasonable diligence before resorting to alternative service is considered fundamental, and noncompliance with that requirement warrants dismissal of the Complaint. As Defendants noted in their moving briefs, reasonable diligence required Mr. Peters to "exhaust with due diligence any leads or information reasonably calculated to make personal service possible." *West v. West*, 82 Wis. 2d 158, 166, 262 N.W.2d 87, 90 (1978). Such diligence is not exercised, for example, if a plaintiff makes a singular, unsuccessful attempt at service. *See Haselow*, 212 Wis.2d at 569. Here, Mr. Peters has not even attempted to comply with the statute, and his Complaint should therefore be dismissed.[2]

Mr. Peters' reliance on the Wisconsin Court of Appeals decision in *Dungan* is misplaced. The Court in *Dungan* found that the plaintiff's error in the service of process, signing the summons himself but designating his attorney as agent for the receipt of the answer, was error. That particular error, however, was held to be an excusable technical error because it was a "defect in form and not a defect in procedure." *Dungan*, 170 Wis.2d at 96. Nothing in *Dungan*

---

[2] To the knowledge of counsel for the Defendants, Mr. Peters has not yet even attempted to serve his proposed Amended Complaint on P&G or AZLP.

allows for the situation here – where a non-resident party has served a Summons and Complaint by mail without making any reasonably diligent efforts at personal service.

### B. This Court Does Not Have Jurisdiction Over Defendants.

Even if, *arguendo*, they had been properly served, Messrs. Brennan and Lafley do not have sufficient minimum contacts with Wisconsin for this Court to exercise jurisdiction over them consistent with traditional notions of fair play and substantial justice. Neither the Complaint nor the proposed Amended Complaint makes any allegations with respect to Mr. Brennan's or Mr. Lafley's contacts with Wisconsin. Nor could they. As set forth in their Declarations, Messrs. Brennan and Lafley have no contacts with the state of Wisconsin.

Mr. Peters attempts to side-step this problem by arguing that they are being sued in their "official capacity as Chief Executive Officers of their Corporation." *See* Plaintiff's Op. Br. at 1-2. Mr. Peters goes on to argue that "[a]s Chief Executive Officers, defendants Brennan and Lafley are liable for the negligent actions of their Corporations and vice versus [sic], given that the action was done in the name of the Corporation." *Id.* at 3. Mr. Peters cites Wis. Stat. § 801.05(1)(c)(d) and (4)(a)(b) for this proposition but, of course, these jurisdictional statutes say nothing about the capacity of corporate officers to be personally sued in their "official capacity."

Indeed, neither the Complaint nor the proposed Amended Complaint state a derivative cause of action against Messrs. Brennan or Lafley in their roles as the Chief Executive Officer of AZLP and P&G respectively. There is no suggestion that Mr. Brennan is the alter ego of AZLP or that Mr. Lafley is the alter ego of P&G, or that they so dominate these corporations that the Court should pierce the corporate veil and hold them personally responsible for the company's alleged torts. *See Consumer's Co-op. of Walworth County v. Olsen*, 142 Wis.2d 465, 419 N.W.2d 211 (1988). Neither does Mr. Peters allege conduct by Messrs. Brennan and Lafley that is beyond the scope of their employment such that they could be held personally liable for the

allegedly defective Prilosec®. *See Oxmans' Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 273 N.W.2d 285 (1979). In fact, the conduct about which he seems to be complaining is the conduct of P&G and AZLP as corporations acting in the ordinary course of business.

Even if P&G and AZLP could possibly become the subject of this Court's jurisdiction based upon Mr. Peters' arguments, Messrs. Brennan and Lafley cannot, and they are the only Defendants in the original Complaint and two (2) of the four (4) Defendants in the proposed Amended Complaint.

C. **Venue in the Eastern District of Wisconsin is Improper.**

Mr. Peters ignores Defendants' arguments with respect to venue. None of the conduct involved in this case happened in the Eastern District of Wisconsin. Mr. Brennan resides in Pennsylvania, *see* Declaration of David Brennan, dated September 26, 2005, ¶ 2, and Mr. Lafley resides in Ohio. *See* Declaration of Alan Lafley, dated August 24, 2005, ¶ 2. The Complaint specifically states that the Prilosec® in issue was sold in Columbia County, Wisconsin, *see* Complaint ¶ 9, and the proposed Amended Complaint alleges that Mr. Peters purchased and used the drug in Oklahoma and also had the drug prescribed for him in Portage and New Lisbon, Wisconsin. *See* Proposed Amend. Complaint ¶ 10. Columbia County, Portage and New Lisbon, Wisconsin (and Oklahoma, for that matter) are not in the Eastern District. Venue is therefore improper and the Complaint should be dismissed.

Additionally, Mr. Peters' proposed Amended Complaint suffers from these same deficiencies. Thus, his motion to amend should be denied as futile. *See Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir.2004) (motion to amend may be denied as futile where "the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss").

## III.  CONCLUSION

For all of the foregoing reasons, Mr. Peters' Complaint against Messrs. Brennan and Lafley should be dismissed with prejudice and with costs, and his motion to amend should be denied as futile. Defendants also request that the Court award them any further relief that it deems to be just and appropriate under the circumstances.

Dated this 26th day of September, 2005.

        **MICHAEL BEST & FRIEDRICH LLP**

By:    s/ Jacob E. Miota
Paul E. Benson, SBN 1001457
*(pebenson@michaelbest.com)*
Jacob E. Miota, SBN 1055381
*(jemiota@michaelbest.com)*
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin  53202-4108
Ph:  (414) 271-6560
Fax:  (414) 277-0656

Attorneys for Defendants, David Brennan and Allan G. Lafley

T:\clienta\016939\0001\A1310571.1