UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE H. PETERS,

        Plaintiff,

    v.                                   Case No. 05-C-0787

DAVID BRENNAN, CEO ASTRAZENECA LP;
ALLAN G. LAFLEY, CEO PROCTER &
GAMBLE DISTRIBUTING COMPANY;

        Defendant.

ORDER DENYING MOTION TO AMEND COMPLAINT AS MOOT,
DIRECTING FILING OF AMENDED COMPLAINT, DENYING MOTION TO DISMISS,
AND TRANSFERRING CASE TO WESTERN DISTRICT OF WISCONSIN

        Plaintiff, George H. Peters, filed this diversity action, asserting products liability claims arising from use of "Omeprazole," which is sold under the brand name "Prilosec." In the original complaint, filed July 22, 2005, Peters charged that two individuals, employed as the Chief Executive Officers of Astrazeneca LP and Procter & Gamble Distributing Company, were liable to him under theories of strict liability and negligence. Both defendants moved to dismiss based on improper service of process, lack of personal jurisdiction, and improper venue.

        On September 6, in response to the motions to dismiss, Peters moved to amend the complaint and submitted an Amended Complaint and Jury Demand. The clerk's office docketed the motion and treated the Amended Complaint as an attachment. The Amended Complaint adds claims against Astrazeneca LP and Procter & Gamble along with more detailed allegations regarding the citizenship of the defendants and the location where Peters's alleged injuries occurred.

Peters's address indicates that he is an inmate at the New Lisbon Correctional Facility, New Lisbon, Wisconsin. New Lisbon is located in Juneau County.

## MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." "Pleadings" include complaints, answers, replies to counterclaims and crossclaims, and third-party complaints and answers. Fed. R. Civ. P. 7(a). A motion to dismiss is not a "responsive pleading" under Fed. R. Civ. P. 15(a). *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

When Peters submitted his Amended Complaint and Jury Demand the pleading was valid when filed; it was his one amendment as a matter of course, and no motion to amend was necessary. Hence, the clerk's office will be directed to file the Amended Complaint as of the date it was submitted, September 6, 2005, and the motion to amend will be denied as moot. The original defendants' time for responding to the Amended Complaint and Jury Demand will run from the date they receive this order. *See* Fed. R. Civ. P. 12(a)(4).

## MOTIONS TO DISMISS

Often, the court denies as moot a motion to dismiss a complaint that has been superseded by an amended complaint. Here, the request for dismissal based on insufficiency

2

of process and lack of personal jurisdiction is moot.[1]  However, defendants Brennan and Lafley may attack the Amended Complaint on these points if they choose to do so.

On the other hand, because these defendants' objection to venue applies to the original complaint as well as the amended complaint, the court will address the merits of that issue at this time.

In the Amended Complaint and Jury Demand Peters states that he is a citizen of Wisconsin and asserts that no defendant is a citizen or has its principal place of business in Wisconsin.  (Am. Compl. ¶ 2.)  Peters asserts that Astrazeneca is incorporated and has its principal place of business in Delaware, while Procter & Gamble is an Ohio corporation with its principal place of business in Ohio.  (*Id.* ¶¶ 3-4.)  Allegedly, defendant Brennan is from Pennsylvania, while Defendant Lafley is from Ohio.  (*Id.*; Lafley Aff. ¶ 2; Brennan Aff. ¶ 2.)  Paragraph 6 of the amended complaint submits that Astrazeneca and Procter & Gamble did business in Wisconsin through the sale of their products, but does not specify in which district.  (Am. Compl. ¶ 6.)  However, Peters contends that "Prilosec was sold throughout the United States, including in Columbia County, Wisconsin."  (*Id.* ¶ 9.)  Peters claims that he was injured from November 2003 through January 2005 due to his ingestion of Prilosec.  (*Id.* ¶ 5.)  He alleges that he purchased and used the drug in Oklahoma in 2003, after being prescribed the medication by a physician in Portage, Wisconsin, and New Lisbon, Wisconsin.  (*Id.* ¶ 10.)

---

[1]The insufficiency of service of process argument would not justify dismissal at this time in any case.  Astrazeneca and Procter & Gamble have been served, as evidenced by waivers of service of summons filed October 31, 2005, so dismissal of the whole case would be improper.  As for the claims against the individual defendants, the case was filed July 22, and pursuant to Fed. R. Civ. P. 4(m), Peters has 120 days within which to serve the defendants.  Even if the service of process on the individual defendants was insufficient, Peters still has a couple of weeks within which to correct his error and serve the two individuals in accord with Fed. R. Civ. P. 4 or ask for more time to do so.  Therefore, dismissal now would be premature.  Further, Peters states in his response to the motions to dismiss that the individual defendants are not being sued in their personal capacity.  (Mem. in Opp'n at 1.)  If that is the case, he may consider dismissing the claims against the two individuals anyway.

3

Portage is located in Columbia County, and, as stated above, New Lisbon is located in Juneau County.   Both of those counties are in the Western District of Wisconsin. 28 U.S.C. § 130.  Peters offers no facts suggesting that any party resides in the Eastern District of Wisconsin or that any of the pertinent events took place here.

In a diversity jurisdiction case, venue is proper only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

28 U.S.C. § 1391(a) (emphasis added).  In this case, there is no suggestion that the defendants reside in the same state, so subsection (1) does not apply.  Further, it appears that under subsection (2) venue may be proper in some district in Oklahoma, where Peters used Prilosec; in the Western District of Wisconsin, where Peters claims Priolosec was sold, where Peters received his prescriptions for Prilosec, and where Peters is incarcerated; or perhaps in Delaware or Ohio where the defendants' actions or omissions, such as "downplay[ing] and understat[ing] the health hazards and risks associated with the drug" and failing to warn consumers (Am. Compl. ¶¶ 8, 13), may have occurred.  But based on the absence of any allegations in the amended complaint pointing to events or omissions in the Eastern District of Wisconsin, venue is not proper in the Eastern District of Wisconsin under subsection (2).  And because subsection (3) applies only if the action cannot be venued elsewhere, venue in this district is improper.

4

However, dismissal of this case for a defect in venue would not serve the interests of justice. Pursuant to 28 U.S.C. § 1406(a), if the interest of justice requires, the district court may transfer a case venued in the wrong district to any district in which the case could have been brought. Because Peters "lives" in the Western District of Wisconsin and Prilosec was prescribed to him there, this court will transfer the case to the Western District of Wisconsin.

Therefore,

IT IS ORDERED that the clerk of court detach the Amended Complaint and Jury Demand from the motion to amend and docket it as of the date it was submitted, i.e., September 6, 2005.

IT IS ORDERED that Peters's motion to amend the complaint is denied as moot.

IT IS ORDERED that the time for defendants Brennan and Lafley to respond to the Amended Complaint and Jury Demand will run from service of an amended summons and the Amended Complaint.

IT IS ORDERED that defendants' motions to dismiss are denied.

IT IS ORDERED that the case is transferred to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1406(a). All future filing should be made with that court at 120 North Henry Street, Madison, WI 53703-4304.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

5