IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GEORGE H. PETERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO. |
| ASTRAZENECA LP ) | |
| PROCTER & GAMBLE ) | |
| DISTRIBUTING COMPANY ) | |
| ) | |
| DAVID BRENNAN, CEO ) | |
| ASTRAZENECA LP ) | |
| ALLAN G. LAFLEY, CEO ) | |
| PROCTER & GAMBLE ) | |
| DISTRIBUTING COMPANY, ) | |
| ) | |
| Defendants. ) | |

### AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, George H. Peters (hereinafter referred to as the "Plaintiff"), pro se, and Complaining of the Defendants, Astrazeneca LP, Procter & Gamble Distributing Co., David Brennan of Astrazeneca LP, and Allan G. Lafley of Procter & Gamble Distributing Company, by and through their respective Corporation, allege and state as follows:

## DIVERSITY JURISDICTION

The Jurisdiction of this Court is invoked pursuant to 28 USC Sec. 1332, Diversity of Citizenship" as follows:

1. The amount in controversy for the claim of Plaintiff exceeds the sum $75,000.

2. Plaintiff is not a citizen of the State of Delaware or the State of Ohio. Plaintiff is a citizen of the State of Wisconsin. No defendant is a resident of or has its principal place of business in the State where plaintiff is a resident.

3. Astrazeneca LP is a Delaware Corporation with its principal place of business in Wilmington, Delaware, David Brennan, CEO of Astrazeneca LP reside in Wayne, PA

4. Procter & Gamble Distributing Co. is an Ohio Corporation with its principal place of business in Cincinnati, Ohio, Allan G. Lafley, CEO of Procter & Gamble Distributing Co. reside in the State of Ohio and is a citizen of some state of the United States other than the State of Wisconsin.

## COMMON FACTS

5. From November 2003 through January 2005, the Plaintiff was injured due to his ingestion of

2

"Omeprazole," sold under the Brand name Prilosec; and hereinafter referred to by its brand name Prilosec, an Over-the counter drug prescribed for treatment of Stomach Acid Reflux Desease.

6. Astrazeneca LP and Procter and Gamble company does, and at all times mentioned in this complaint, did business in the State of Wisconsin through the sale of consumer products, prescription drugs, and non-prescription medications.

7. At all material times, Astrazeneca LP and Procter and Gamble, either themselves or by use of others, manufactured, created, designed, tested, sterilized, packaged, distributed, supplied, marketed, sold, advertised, and otherwise distributed in interstate commerce the drug Prilosec.

8. Astrazeneca and Procter and Gamble marketed and distributed the drug Prilosec widely to induce the widespread use of the drug. Both corporations purposely downplayed and understated the health hazards and risks associated with the drug prilosec.

9. Prilosec was sold throughout the United States, including in Columbia County, Wisconsin, from the time of its approval by the Food and Drug Administration as a Prescription drug and later with its approval as an Over-

3

the Counter drug. Prilosec still continues to be manufactured and marketed by Astrazeneca and Procter and Gamble throughout the United States and in the State of Wisconsin.

10. The Plaintiff, George H. Peters, purchased and and used the drug, Prilosec, in Oklahoma in 2003. Plaintiff had the drug prescribed by a physician in Portage, Wisconsin and New Lisbon, Wisconsin. The drug was used by the Plaintiff for approximately one year.

11. The drug Prilosec, when taken as prescribed and intended, causes and contributes to severe and disabling medical conditions to a patient's Special Senses: numbness of the tongue, taste perversion, and taste loss when taken as prescribed. Prilosec is a defected and unreasonably dangerous medical product which caused painful and potential permanent injuries to the plaintiff.

12. Astrazeneca and Procter and Gamble was aware through research and adverse drug reports that Prilosec, when ingested, could cause damage to a consumer's Special Senses as is listed in the Physician's Desk Reference (PDR) under the drug product name, Omeprazole.

13. Astrazeneca Lp and Procter and Gamble Company failed to take reasonable, immediate and direct measures to ensure that the user of the drug Prilosec was notified

4

or that those who prescribed the drug were notified of the harmful side effects and need for immediate medical care should those side effects manifest themselves. Astrazeneca and Procter and Gamble have failed to adequately warn consumers of the harmful side effects of Prilosec.

14. The Plaintiff, George H. Peters, has been exposed to Prilosec through intentional or negligent actions of Defendants and/or through defective products for which Astrazeneca and Procter and Gamble is strictly liable.

15. The Plaintiff has been injured and continue to suffer from the damages as a result of the injury.

16. Astrazeneca LP and procter and Gamble are liable to Plaintiff George H. Peters under the theories strict products liability, defective product composition, failure to adequately warn, and negligence.

## FACTUAL BACKGROUND

17. In November 2003, the Plaintiff purchased and consumed the OTC drug Prilosec, a proton pump inhibitor drug. The plaintiff was taking the drug as a treatment for stomach acid reflux desease. Through plaintiff ingestion of the Prilosec drug, the plaintiff has suffered injuries to his tongue, with special senses damages. The tongue has become numb with an inability to

5

taste food.

18. Prior to November 2003, the plaintiff had never purchased, had prescribed, or consumed the drug Prilosec, nor had any medical problems with his tongue with the stated medical conditions.

19. Prilosec is manufactured under the authority of Astrazeneca LP and distributed by Procter and Gamble Company.

20. Plaintiff was using this product as intended by the manufacturer and without any alteration to the product. The safety aspects of this product is such that it can cause serious injuries to any consumer of the product.

21. Had the plaintiff known there was a possibility of injuiry from use of the drug Prilosec, plaintiff would have utilized other medical procedures had he been adequately and appropriately advised, notified, and warned of the aforementioned facts.

22. Prilosec is an Over-The Counter OTC drug and its adverse side effects should have been stated in the product package insert.

## COUNT I: STRICK LIABILITY CLAIM AGAINST ASTRAZENECA LP AND PROCTER AND GAMBLE COMPANY

6

23. All prior allegations are incorportate herein by this reference.

24. Prilosec contains chemical compounds which, when taken by humans, can have devastating health consequences, including Special Senses damages, which can and did lead directly or indirectly to an eating dysfunction as well as other adverse effects.

25. Prilosec, as manufactured, labeled, and ultimately delivered to and taken by George Peters, is not reasonably safe, and is a defective product sold in the ordinary course of defendants' business.

26. Prilosec was and is defective in that it was not properly conceived, designed, formulated, tested, researched, studied, packaged, distributed and sold, and paricularly in that it was not accompanied by proper and effective warnings and instructions.

27. Additionally, Prilosec was and is not a reasonably safe product because:

a. The foreseeable risks exceeded the benefits associated with the product;

b. The product is more dangerous than ordinary consumers, including the named plaintiff, would expect and more dangerous than other products marked for the same purposes;

c. The product did not have adequate, effective warnings and instructions in light of the dangers associated with its use; and

d. The product was inadequately tested.

7

28. As a proximate result of the foregoing acts and omissions, the plaintiff George H. Peters suffered injury and damages and is entitled to damages as follows:

a. Pain, suffering and emotional distress in the past and in the future;

b. Medical expenses in the past and in the future;

c. Loss of enjoyment of life in the past and in the future;

d. Punitive damages in a reasonable amount; and

e. All other damages permitted under Wisconsin Law.

## COUNT II: NEGLIGENCE

29. All prior allegations are incorporated herein by this reference.

30. At all times herein mentioned, Astrazeneca LP and Procter and Gamble had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepared for use, sell prescribe and adequately warn of the risks and dangers of the aforementioned product.

31. At all times herein mentioned, Astrazeneca and Procter and Gamble negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed,

8

labeled, packaged, prepared for use and sold the aforementioned product and failed to adequately test and warn of the risks and dangers of the aforementioned product.

32. As a proximate result of the foregoing acts and omissions, the Plaintiff, George H. Peter, suffered injury and damages and is entitled to damages as follows:

a. Pain, suffering and emotional distrss in the past and in the future;

b. Medical expenses in the past and in the future;

c. Loss of enjoyment of life in the past and in the future;

d. Punitive damages in a reasonable amount; and

e. All other damages permitted under Wisconsin law.

## ACTION OF DEFENDANTS

33. All the defendants were at all times pertinent hereto designers, developers, manufacturers, marketers, promoters, distributors, providers, and or sellers of the above described defected drug product, Prolisec, a proton pump inhibitor drug, prescribed as treatment for acid reflux disease.

9

34. The defendants and each of them are liable to the Plaintiff for damages for his injury because they failed to exercise ordinary and reasonable care when they knew or should have known that the hazards, risks, and dangers to human beings presented by their drug product, and the known and or discoverable hazards, risks and dangers to human beings presented by Prilosec.

35. The defendants and each of them failed to adequately and appropriately advise, notify, and warn Plaintiff that Prilosec, their proton pump inhibitor drug, (1) presented additional and increased hazards, risks, and dangers including but not limited to tongue atrophy, and (2) the risk and dangers of Special Senses preversion with numbness of the tongue and taste loss.

36. The defendants and each of them knew of the hazards, risks, and dangers to consumers of Prilosec from the information provided them via research trial reports, consumer complaints, and the adverse side effects given for Omeprazole, a main active chemical ingredient for the drug prilosec.

37. The defendants, by and through Astrazeneca and Procter and Gamble, knowing the inherent dangers of using Prilosec, allowed this drug to be sold into the stream of interstate commerce, including the State of Wisconsin.

## COMPENSATORY AND PUNITIVE DAMAGES

38. The Plaintiff sustained injury and compensable damages directly caused by the defective and unreasonably dangerous proton pump inhibitor drug, Prilosec, manufactured by or under the authority of Astrazeneca LP and distributed by Procter and Gamble Distributing Company, and the misconduct of the defendants, by and through their respected corporations are liable to the plaintiff for compensable damages.

39. The Defendants and each of them acted maliciously, recklessly and with wanton disregard for the health , safety and welfare of the Plaintiff and for the laws and regulations enacted to protect the public health by developing, manufacturing, advertising, marketing, promoting, distributing, and or selling the defected drug product, Prilosec, when they knew or should have known their drug product, a Proton Pump inhibitor, was unreasonably safe for its intended and known use as a treatment for acid reflux disease. The actions and misconduct of the Defendants were motivated for financial gain and profit. Therefore, the Plaintiff is entitled to recover Punitive damages from teh Defendants and each of them in order to punish them for such misconduct and to deter them and others from such misconduct.

11

WHEREFORE, the Plaintiff respectfully prays for judgment against the defendants and each of them in the sum of $1,000,000 for Compensatory damages and for judgment against the Defendants and each of them for Punitive damages in the sum of $1,000,000 in order to punish them and to make an example of their misconduct to deter others from similar misconduct. In addition, the Plaintiff Prays for judgment against the Defenants and each of them for legal costs and for any and all other relief to which he may be justly and legally entitled.

Dated this 1st day of Septempber, 2005

*George H. Peters*
George H. Peters, pro se
P.O. Box 4000 #227075
2000 Progress Rd.
New Lisbon, WI   53950

## JURY DEMAND

Plaintiff demand a trial by Jury on all issues which a jury may properly consider.

Dated this 1st day of September, 2005

*George H. Peters*
George H. Peters, Pro se